| CHARLES E. BARKER | NO. 22-CA-417 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| ANCO INSULATIONS, INC., ET AL | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 40,665, DIVISION "B"
HONORABLE CODY M. MARTIN, JUDGE PRESIDING

March 29, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
    **JJM**
    **FHW**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JEAN MARIE BARKER, STEVE A. BARKER, CHARLES E. BARKER JR.,
AND LESLIE A. ROBERTSON, INDIVIDUALLY AND ON BEHALF OF
DECEDENT, CHARLES E. BARKER
 David R. Cannella
 Christopher C. Colley
 Kristopher L. Thompson

COUNSEL FOR DEFENDANT/APPELLEE,
BITCO NATIONAL INSURANCE COMPANY, THE TRAVELERS
INDEMNITY COMPANY AND LIBERTY MUTUAL INSURANCE COMPANY,
AS THE ALLEGED INSURERS OF B&B ENGINEERING AND SUPPLY
COMPANY OF LOUISIANA, INC. AND B&B ENGINEERING AND SUPPLY
COMPANY, INC., AND ITS ALLEGED EXECUTIVE OFFICERS
 Kaye N. Courington
 Dawn D. Marullo
 Jeffrey M. Burg
 Troy N. Bell

**MOLAISON, J.**

In this case pertaining to asbestos exposure, the plaintiffs/appellants appeal the granting of a summary judgment by the district court that dismissed their cause of action brought against the executive officers for one of the companies where the decedent worker was employed. For the reasons that follow, we affirm.

## PROCEDURAL HISTORY

Mr. Charles Barker, a former Asbestos Workers Union insulator, was diagnosed with malignant mesothelioma prior to his death. On December 29, 2021, plaintiffs, Mr. Barker's surviving heirs, filed a petition for damages at the Twenty-Third Judicial District Court in St. James Parish, which alleged that Mr. Barker's mesothelioma was caused by asbestos exposure through his work for different employers over the course of his career. On July 20, 2022, one of Mr. Barker's prior employers, B & B Engineering ("B & B"),[1] filed a motion for summary judgment. Relevant to the instant appeal, B & B's former executive officers[2] argued in the motion that none of the named officers owed a personal designated duty to Mr. Barker to provide him with a safe workplace and, therefore, they were not liable for any damages that resulted from his work with B & B. The trial court granted summary judgment in favor of B & B's former executives after a hearing on August 17, 2022, and those parties were dismissed with prejudice. This timely devolutive appeal followed.

---

[1] For the purposes of brevity, "B & B Engineering" will be used to refer to all parties who had joined in the motion for summary judgment: Bituminous Fire & Marine Insurance Company n/k/a BITCO National Insurance Company, The Travelers Indemnity Company, and Liberty Mutual Insurance Company as the alleged insurers of B&B Engineering and Supply Company of Louisiana, Inc. and B&B Engineering and Supply Company, Inc., and its alleged executive officers.

[2] The four former B & B executives, to whom the summary judgment applies, are: William Devillier, a job and field superintendent; Armond Hullinghorst, a vice president and president of B & B; as well as foremen Ben Kelly and Herman Warthen.

## ASSIGNMENT OF ERROR

In their sole assignment of error, appellants contend that the district court erred in granting the executive officers' summary judgment when genuine issues of material fact exist.

## LAW AND ANALYSIS

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue as to material fact, and whether the mover is entitled to judgment as a matter of law. *Dorsey v. Purvis Contracting Grp., LLC*, 17-369 (La. App. 5 Cir. 12/27/17), 236 So.3d 737, 741, *writ denied*, 18-0199 (La. 3/23/18), 239 So.3d 296.

Generally, in a motion for summary judgment, the movant retains the burden of proof. La. C.C.P. art. 966(C)(2). *KMJ Services, Inc. v. Hood,* 12-757 (La. App. 5 Cir. 4/10/13), 115 So.3d 34; *Robinson v. Jefferson Parish Sch. Bd.,* 08-1224 (La. App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043; *Champagne v. Ward,* 03-3211 (La. 1/19/05), 893 So.2d 773, 776-77. However, if the movant sustains this initial burden by showing an absence of factual support for at least one essential element of the adverse party's claim, action, or defense, then the burden shifts to the adverse party to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. *Id.* Thereafter, if the adverse party fails to produce factual support to show that he will be able to meet his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law. *Id.*

### *Executive Officer Liability*

As acknowledged by this Court in *Abadie v. Metro. Life Ins. Co.*, 00-344 (La. App. 5 Cir. 3/28/01), 784 So.2d 46, 81, *writ denied*, 01-1533 (La. 12/14/01),

804 So.2d 642,[3] the Louisiana Supreme Court set forth the factors used to determine executive officer liability in asbestos actions in the case of *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). These elements are:

> 1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
> 2. This duty is delegated by the principal or employer to the defendant.
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
> 4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.*, at 721.

***Personal duty of care***

In *Griffin v. Littlefield*, 416 So.2d 198, 200 (La. App. 1 Cir. 5/25/82), *writ denied*, 421 So.2d 250 (La. 1982), the court held that as a prerequisite to recovery in an executive officer suit, the plaintiff must establish by a preponderance of the evidence that the employer delegated to one of the defendant executives the fulfilling of a personal duty owed to the plaintiff and that the breach of this duty

---

[3] The full citation for this appeal is as follows: *Abadie v. Metro. Life Ins. Co.*, 00-344 (La. App. 5 Cir. 3/28/01), 784 So.2d 46, 81, *writ denied*, 01-1533 (La. 12/14/01), 804 So.2d 642, *and writ denied*, 01-1534 (La. 12/14/01), 804 So.2d 642, *and writ denied*, 01-1543 (La. 12/14/01), 804 So.2d 643, *and writ denied*, 01-1544 (La. 12/14/01), 804 So.2d 643, *and writ denied*, 01-1629 (La. 12/14/01), 804 So.2d 643, *and writ denied*, 01-1853 (La. 12/14/01), 804 So.2d 644, *and writ denied*, 01-1931 (La. 12/14/01), 804 So.2d 644.

caused damage to the plaintiff. Further, general administrative responsibility of an executive officer does not fall within the category of a personal duty. *Chrisham v. Blum*, 383 So.2d 458, 459 (La. App. 4 Cir. 4/15/80), *writ refused*, 389 So.2d 1128 (La. 1980).

In *Hoerner v. ANCO Insulations, Inc.*,[4] a former asbestos worker brought a products liability action against his former employers, asbestos contractors, and asbestos distributors following his contraction of asbestosis. A jury in the trial that followed found liability as to four of the executive officers in the company where the plaintiff was employed. In reviewing the verdict against the executives, the Fourth Circuit opined that the correct test to determine liability was whether the officer in question had "some direct duty to provide [the plaintiff] a safe place to work, including some control over purchase and availability of equipment and supplies." *Id*. at 63-64. In applying this test on appeal, the court reviewed the jury's determination and found that liability was only proven for two of the executives in the action. In one of those instances, there was a direct admission by the executive that "he had responsibility for providing his employees a safe place to work, including control of purchasing and availability of equipment and supplies." Liability for the second executive was affirmed on the basis that he had agreed to provide respirators to union employees "when required," meaning whenever dusty conditions existed. *Id*., at 65.[5]

### Liability of the B & B executives

The plaintiffs in the instant case acknowledge a lack of direct evidence that shows any of the four B & B executives at issue were delegated the responsibility for Mr. Barker's personal safety while he worked for that company. Thus, the

---

[4] *Hoerner v. ANCO Insulations, Inc.*, 00-2333 (La. App. 4 Cir. 1/23/02), 812 So.2d 45, *writ denied*, 02-0935 (La. 6/21/02), 819 So.2d 1023, *and writ denied*, 02-0965 (La. 6/21/02), 819 So.2d 1023, *and writ denied*, 02-0967 (La. 6/21/02), 819 So.2d 1023, *and writ denied*, 02-0972 (La. 6/21/02), 819 So.2d 1024.
[5] *See also*, *Abram v. EPEC Oil Co.*, 05-0626 (La. App. 4 Cir. 6/28/06), 936 So.2d 209, 214, *writ denied*, 06-2147 (La. 11/17/06), 942 So.2d 537, where executives found liable for the plaintiff's asbestos injuries were positively identified as persons in charge of the plaintiff's safety.

requirement of delegation under *Canter, supra,* was not met.  Also, there are no respective admissions in the record by any of the B & B executives that they assumed responsibility for Mr. Barker's safety or to prevent his exposure to asbestos, which was a key element of liability found by the court in *Hoerner, supra*.

The plaintiffs argue that A.H. Hullinghorst and William Devillier knew, or should have known, of the non-performance and/or mal-performance of the safety duties of the foremen at the Borden plant to protect Mr. Barker from asbestos exposure.  In other cases of executive liability on similar issues, our courts have held, *citing Canter, supra*, that "general administrative responsibility" does not replace the "duty of care" standard in the determination of executive liability. *Egan v. Kaiser Aluminum & Chem. Corp.*, 94-1939 (La. App. 4 Cir. 5/22/96), 677 So.2d 1027, 1036, *writ denied*, 96-2401 (La. 12/6/96), 684 So.2d 930.  In the instant case, the plaintiffs have not proven that the work of Hullinghorst and Devillier rose above a general administrative responsibility.

Similarly, the plaintiffs argue that foremen Herman Warthen and Ben Kelly were "directly in charge of safety" at the Borden facility where Mr. Barker worked for B & B.  Unlike the executives found to have incurred liability in *Hoerner* based upon their own admission, the record before us does not contain any evidence by way of testimony or affidavit, through which either Warthen or Kelly admit a personal duty to provide Mr. Barker with a safe place to work at the Borden facility. Mr. Barker recalled in his deposition that, generally, safety rules are implemented by "the job site," which has its own set of rules and regulations as to how the job should be performed. While Mr. Barker identified Kelly and Warthen as foremen on the Borden worksite, he did not know if either was responsible for safety there.  A co-worker of Mr. Barker at the Borden facility, Charles Harris,

testified in his deposition that safety meetings at Borden were conducted by the Supervisor for the General Contractor and not a B & B foreman.

*Conclusion*

After our *de novo* review of the record in this matter, we find the appellees have met their burden of proof under applicable summary judgment standard as set forth through the pleadings, affidavits, and memorandum submitted. We further find no error in the trial court's ruling that Mr. Barker has not provided evidence that any of the four B & B executive officers named in this matter had a delegated duty of care toward Mr. Barker to ensure his safety against asbestos exposure at the Borden worksite. Based on the foregoing, and for the reasons assigned, we find that there are no genuine issues as to material fact and the appellees are entitled to judgment as a matter of law, and accordingly, summary judgment was properly granted in this matter.

Accordingly, the judgment of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-417

**E-NOTIFIED**
23RD JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CODY M. MARTIN (DISTRICT JUDGE)
CHRISTOPHER C. COLLEY (APPELLANT)          DAWN D. MARULLO (APPELLEE)                    TROY N. BELL (APPELLEE)

**MAILED**
JEFFREY M. BURG (APPELLEE)                 DAVID R. CANNELLA (APPELLANT)
KAYE N. COURINGTON (APPELLEE)              KRISTOPHER L. THOMPSON (APPELLANT)
LOUIS O. OUBRE (APPELLEE)                  ATTORNEYS AT LAW
ATTORNEYS AT LAW                           909 POYDRAS STREET
616 GIROD STREET                           SUITE 2100
NEW ORLEANS, LA 70130                      NEW ORLEANS, LA 70112